```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

CECILIO R. VEGA,                 :
                                 :
     Appellant,                  :
                                 :
v.                               :     Case No. 3:13-CV-01654(RNC)
                                 :
UNITED STATES TRUSTEE,           :
                                 :
     Appellee.                   :
```

                        RULING AND ORDER

Appellant Cecilio R. Vega appeals from an order of the United States Bankruptcy Court dismissing his case under 11 U.S.C. § 1112(b) with a one-year filing bar.  For the reasons that follow, the order is affirmed.

I. Background

Mr. Vega owns two properties in Connecticut: a house in Hamden valued at $380,000, which is encumbered by secured claims totaling approximately $425,000; and a rental property in New Haven valued at $160,000, which is encumbered by secured claims totaling $640,936.  Since 2010, he has filed three bankruptcy cases.  In April 2010, he filed a voluntary petition for chapter 13 relief.  After the bankruptcy court authorized his lender to foreclose on the Hamden and New Haven properties, he filed a motion to convert the matter to a liquidation case.  The motion was granted and he received a discharge of his unsecured debts. Case No. 10-30967, ECF Nos. 36, 37, 40, 59.

                                1

Another chapter 13 petition followed in September 2011.  The bankruptcy court dismissed the case without prejudice in January 2012, again authorizing the lender to foreclose on the Hamden and New Haven properties.  Case No. 11-32349, ECF No. 55.

In July 2012, Mr. Vega filed a third petition under chapter 13.  The lender responded by again seeking the court's permission to foreclose on the properties.  The lender pointed out that Mr. Vega had filed each of his first two petitions just days before losing title to the properties under foreclosure judgments, that he had not made a mortgage payment on either property since 2009, and that he had failed to tender required post-petition payments.  ECF No. 3-46, at 1-3, 3-56, at 1-3.

In February 2013, Mr. Vega moved to convert the chapter 13 case to a reorganization case under chapter 11.  ECF No. 3-49.  In April 2013, the court granted the motion.  ECF No. 3-58, 3-61.  As a debtor in chapter 11 reorganization, Mr. Vega was obliged to file monthly operating reports and to pay quarterly fees.  See 11 U.S.C. §§ 1107(a), 1106(a), 704(a)(8); Fed. R. Bankr. P. 2015; 28 U.S.C. § 1930(a)(6).  Monthly operating reports permit interested parties to monitor the debtor's financial state and compliance with law.  Fees are assessed according to the estate's quarterly disbursements.  Mr. Vega neither filed a report nor paid a fee between April and August 2013.

On August 2, 2013, the United States Trustee filed a motion

with the bankruptcy court addressing these failures.  The motion asked the court to compel Mr. Vega to file late reports and pay delinquent fees and also asked the court to either dismiss the case or set a deadline to confirm a reorganization plan.  ECF No. 2-69.  The Trustee relied on 11 U.S.C. § 1112, which provides that "on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause."  11 U.S.C. § 1112(b)(1).  "Cause" includes "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter," as well as "failure to pay any fees or charges required under chapter 123 of title 28."  11 U.S.C. § 1112(b)(4)(F), (K).  The Trustee argued that Mr. Vega's omissions constituted "cause" under § 1112(b) and warranted dismissal.

Mr. Vega did not file a response to the Trustee's motion.  On the eve of a hearing on the motion, he submitted  monthly reports, but the reports were incomplete and inaccurate.  Mr. Vega reported that cash was coming in faster than it was going out, but bank statements indicated his balance was waning.  Compare ECF No. 3-79, at 2, with id. at 10-15.  Mr. Vega never paid his quarterly fee.

At a hearing on August 28, 2013, Mr. Vega conceded that he

3

had failed to file reports and pay fees as required by law.  ECF No. 17-1, at 10.  He argued that his failure to satisfy these legal obligations should be excused and that the court should confirm a plan of reorganization, which he had recently submitted.  The court disagreed.  Observing that Mr. Vega had spent much of the previous four years "playing the system," the court stated that it had "no faith" he could successfully complete a chapter 11 reorganization.  <u>Id</u>. at 7, 13.  The court dismissed the case and barred Mr. Vega from filing another petition for one year.  <u>Id</u>. at 13.  On October 2, 2013, the court denied Mr. Vega's motion for reconsideration.  ECF No. 17-2, at 10.[1]

This appeal followed.  Mr. Vega does not argue that the bankruptcy court lacked cause to dismiss his case.  He contends, rather, that the court erred because it failed to consider lesser sanctions than dismissal with a filing bar.  In addition, Mr. Vega argues that the court failed to properly consider whether his newly submitted plan of reorganization could be confirmed.  ECF No. 15, at 8.

II. <u>Discussion</u>

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law receive de novo review.

---

[1]Mr. Vega's brief does not challenge the denial of the motion for reconsideration.

Mercury Capital Corp. v. Milford Conn. Assocs., L.P., 354 B.R. 1, 6-7 (D. Conn. 2006).  The bankruptcy court's order dismissing a chapter 11 case will be affirmed unless the court abused its discretion.  AMC Mortg. Co. v. Tenn. Dep't of Revenue (In re AMC Mortg. Co.), 213 F.3d 917, 920 (6th Cir. 2000).  A bankruptcy court abuses its discretion when "its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or . . . its decision – though not necessarily the product of a legal error or a clearly erroneous factual finding – cannot be located within the range of permissible decisions."  Zervos v. Verizon New York, Inc., 252 F.3d 163, 169 (2d Cir. 2001).

A. Consideration of Lesser Sanctions

Mr. Vega's first argument is that the bankruptcy court erred in failing to consider the adequacy of lesser sanctions.[2]  He relies on In re Sagecrest II, LLC, 444 B.R. 20 (D. Conn. 2011). That case construes and applies Federal Rule of Civil Procedure 37, not 11 U.S.C. § 1112.  Rule 37 provides that when a party violates a discovery order, the court "may issue further just

---

[2]To the extent Mr. Vega's brief can be read to suggest that the bankruptcy court erred in finding cause to dismiss, any such argument is unavailing.  Courts have consistently held that the failure to file monthly reports or to pay quarterly fees constitutes cause under § 1112.  See, e.g., In re Roma Group, Inc., 165 B.R. 779, 780 (S.D.N.Y. 1994); In re. Landmark Atl. Hess Farm, LLC, 448 B.R. 707, 716 (Bankr. D. Md. 2011); In re McClure, 69 B.R. 282, 289-90 (Bankr. N.D. Ind. 1987).

orders." Fed. R. Civ. P. 37(b)(2)(A).  Section 1112 does not resemble Rule 37.  Instead, it provides that when the bankruptcy court finds cause, it "shall" convert or dismiss (whichever best serves creditors and the estate) unless the debtor meets the standard in § 1112(b)(2).

B. <u>11 U.S.C. § 1112(b)(2)</u>

Mr. Vega states that a "debtor can avoid dismissal by showing that there is a reasonable likelihood that a plan will be confirmed."  ECF No. 15.  He also points out that he "argued in court that the submitted plan could be confirmed."  <u>Id</u>.  I understand Mr. Vega to be arguing that the bankruptcy court erred in dismissing his case because he carried his burden under § 1112(b)(2).

Section 1112(b)(2) provides that in certain cases, a bankruptcy court must not dismiss or convert even if it finds cause under § 1112(b)(4).  But this provision applies only in a narrow set of circumstances.  First, the court must "find[] and specifically identif[y] unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(2).  Second, the debtor or another party must establish that a plan is likely to be confirmed in short order.  Third, it must be shown that the cause for conversion or dismissal is not continuing loss to the estate, there was a reasonable justification for the failure

constituting cause, and the failure will be cured within a reasonable period of time.  Id.

Mr. Vega has not shown that the requirements of this strict standard are satisfied.  He provides no support for his contention that his reorganization plan was likely to be confirmed and fails even to address the other elements of the § 1112(b)(2) test.  Review of the record on appeal discloses no "unusual circumstances" establishing that dismissal would not serve the interests of creditors or the estate.  Id.  Nor does it appear that Mr. Vega's failure to submit reports and pay fees was reasonably justified or quickly curable.  Thus, there is no basis for concluding that the bankruptcy court abused its discretion.

III. Conclusion

Accordingly, the order of the bankruptcy court is hereby affirmed.

So ordered this 29th day of September 2014.


                              _____/s/_____
                                    Robert N. Chatigny
                              United States District Judge